UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON C. BURKETT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:19-cv-01081-JMS-DLP |
| | ) |
| KEITH BUTTS, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Patrick Burkett petitions pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number NCF 18-07-0036. For the reasons explained in this Order, Mr. Burkett's habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

B.  **The Disciplinary Proceeding**

On July 3, 2018, Indiana Department of Correction (IDOC) Correctional Officer Dunaway wrote a Report of Conduct charging Mr. Burkett with "interfering with count," a violation of the IDOC's Adult Disciplinary Code offense B-251. The Report of Conduct states:

> On the above date [July 3, 2018] at the above approx time [10:15 a.m.], Offender Burkett #967203 was in the upper bathroom of foxtrot Pod 3 brushing his teeth before we got the house cleared or the facility cleared. I, Ofc Dunaway, clearly announced "Prepare for Count" at 0945. Offender was advised he would recieve [sic] a conduct. End report

Dkt. 1-1, p. 6; dkt. 11-1.

Mr. Burkett was notified of the charge on July 5, 2018, when he received the Screening Report. Dkt. 11-4. He plead not guilty to the charge, requested a lay advocate, asked for three witnesses, and requested video evidence. *Id.*

A hearing was held on July 11, 2018. Offender Lonnie Tolliver gave a written statement that was considered at the hearing:

> The Officers had both counted and cleared there count with one another and told us (DORM) that we could have a seat and walked out. They had compared there count and cleared our dorm so offenders used the restroom. That is how every officer does everyday. This was no different.

Dkt. 11-6 [sic].

Offender Rario Clemons's written statement said:

> I seen Jason go to the BathRoom after both COs had came in & Counted. And gave us the ok to sit down.

Dkt. 11-7 [sic].

The third written statement considered at the hearing was from Offender Jonathan Heard:

> Both officers walked thru for count before he went to the Bathroom. She walked outside the door.

Dkt. 11-8 [sic].

2

The hearing officer also viewed the video surveillance recording requested by Mr. Burkett and reported, in part, that it "shows the offender on bed F-3-217 get up and walk into the restroom brushing his teeth while three other offenders were already in that restroom." Dkt. 11-10.

Mr. Burkett's statement at the hearing was "I do this every day at the same time." Dkt. 11-9.

The hearing officer noted that he considered the staff reports, Mr. Burkett's statement, the witness statements, and the video, and found Mr. Burkett guilty of interfering with count. The sanction imposed included the loss of thirty days of earned credit time. *Id.*

Mr. Burkett appealed to the Facility Head and the IDOC Final Reviewing Authority, but both appeals were denied. Dkts. 11 & 12. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

**1.     Mr. Burkett's Argument**

Mr. Burkett's single ground for habeas corpus relief contends there was insufficient evidence to find him guilty of interfering with a count. Dkt. 1, pp. 4-6. He begins with the wording of the Disciplinary Code offense, which is simply "Failing to stand count, being late for count, or interfering with the taking of the count." IDOC Adult Disciplinary Process, Appendix I: Offenses, Section B-251. There is nothing in the record to suggest that Mr. Burkett's conduct concerned failing to stand for the count or being late for it. Thus the focus of the charge is on the "interfering with the taking of the count" portion of the offense.

The procedure and method for counts at Mr. Burkett's facility was explained in a June 7, 2018, memorandum to offenders and staff from Chief of Security R. Davis. Dkt. 11-2. Paragraph four of this memorandum tells offenders and staff that "The offenders will remain on their bunks until <u>the facility's clear count (Signal 1000) is called</u>." Dkt. 11-2, p. 2 (emphasis in original).

Paragraph five provides that "Once the pod's count clears, offenders may use the restroom <u>one at a time per range</u>." *Id.* (emphasis in original). Finally, paragraph six of the memorandum puts offenders and staff on notice that "Any offender violating any of these procedures will be disciplined for code violation <u>B251-'Interfering with counts.'</u>" *Id.* (emphasis in original).

Mr. Burkett argues that he was not late for the count and stood while it was taken. These contentions are not in dispute. The question here is whether there is some evidence to support the hearing officer's decision that Mr. Burkett's conduct violated the B-251 prohibition against interfering with the taking of the count.

### 2. Standard of Review

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

### 3. Application of the Standard of Review to Mr. Burkett's Argument

The hearing officer had to weigh Officer Dunaway's report that Mr. Burkett went to the restroom area to brush his teeth "before we got the house cleared or the facility cleared," dkt. 1-1, p. 6 (Report of Conduct), against two offenders' statements that the officers conducting the count had given the offenders permission to sit down from the standing count. *See* dkt. 11-6 (statement

4

of L. Tolliver) & 11-7 (statement of R. Clemons).[1] The weighing of these seemingly contradictory positions is solely a function for the hearing officer, as Mr. Burkett acknowledges in his reply. Dkt. 17, p. 3. And unfortunately for Mr. Burkett, the simple fact that the hearing officer had some evidence to weigh against his evidence is itself determinative of whether the hearing officer had *some evidence* upon which to base his decision.

While there is some ambiguity in the event concerning who was allowed to do what and when they were allowed to do it, Correctional Officer Dunaway's report contains no ambiguity. The officer is unambiguous in reporting that Mr. Burkett was in the upper bathroom "before we got the house cleared or the facility cleared." Dkt. 1-1, p. 6; dkt. 11-1. This is "*some evidence*" on which the hearing officer based his decision, and that dictates the result of this action.

Mr. Burkett urges consideration of the video evidence and argues that it would prove that he did not interfere with the count. The video evidence does not contain audio, however, and it is impossible to tell from the video when an announcement was made that the facility count had been cleared (a "Code 1000" broadcast). The hearing officer used the video only to confirm that the person moving to the restroom came from the bunk assigned to Mr. Burkett, using it as an aid to confirm the identity of the offender who left his bed and went to the bathroom. Mr. Burkett does not dispute that he is that offender.

Mr. Burkett's evidence is not so significantly compelling as to render the officer's Report of Conduct essentially a "no evidence" report. Any other analysis would be to impermissibly engage in reweighing the evidence. Specifically, the offender statements considered by the hearing officer do not indicate when the facility or "house" was cleared. Two of the statements are that the

---

[1] The third offender statement, from J. Heard, does not indicate whether the officers had given permission for the offenders to sit on their bunks.

counting officers gave permission for offenders to sit down on their bunks, *see* dkts. 11-6 & 11-7, but sitting on bunks is not necessarily a sign that the pod count has cleared. Dkt. 11-2, p. 2. According to the Chief of Security's memorandum, offenders could be given permission to go to the restroom, one at a time, after the "pod's count clears," dkt. 11-2, ¶ 5, but before that event the offenders could be given permission to sit on their bunks. *Id.* This evidence presents a competing view of the event, but it does not nullify the Report of Conduct.

The record here is one on which the factfinder could have rationally found for either position. The Court's role is not to second-guess the hearing officer's decision and impose the decision the Court believes to be the better view. Instead, the Court looks only to whether the hearing officer's decision rested on *any evidence* in the record, and as noted above, in Mr. Burkett's case there was.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Burkett to the relief he seeks. Accordingly, Mr. Burkett's petition for a writ of habeas corpus is **denied** and this action dismissed with prejudice.

Final judgment consistent with this Order shall now enter.

**IT IS SO ORDERED.**

Date: 2/6/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Jason C. Burkett
967203
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362

Frances Hale Barrow
Indiana Attorney General
frances.barrow@atg.in.gov